UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THEOHARIS TOUMAZATOS,

                Plaintiff,                              **MEMORANDUM AND ORDER**
                                                                      12-CV-2649 (RRM)
      - against -                                          10-CR-0043 (RRM)

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge.

Presently before the Court is Theoharis Toumazatos's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Toumazatos claims that his trial counsel rendered ineffective assistance during the sentencing phase of his criminal proceeding. For the following reasons, the motion is DENIED.

## BACKGROUND

On February 19, 2010, Toumazatos pled guilty to a one-count information alleging mail fraud. (Ex. B to Gov't Br. in Opp'n (Doc. No. 4-2) ("Plea Tr.").) Toumazatos pled guilty pursuant to the terms of a plea agreement, which provided that, "The defendant will not file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 57 months or below." (Ex. A to Gov't Br. in Opp'n (Doc. No. 4-1) ("Plea Agr.") at ¶ 4.)

The assigned magistrate judge, Judge Azrack, took Toumazatos's plea. During that proceeding, Judge Azrack asked Toumazatos whether he understood every term that was in his plea agreement. Toumazatos answered yes. Judge Azrack continued:

Do you agree to the terms that are contained in it?

1

> The Defendant: Yes, your Honor.
> The Court: Did you sign it at the end to show your agreement?
> The Defendant: Yes, your Honor.
> The Court: Is that your signature on the last page?
> The Defendant: Yes, your Honor.
> The Court: Mr. Toumazatos, has anybody made any promises to you about this case that aren't contained in the written plea agreement?
> The Defendant: No, your Honor.

(Plea Tr. at 9.)

Judge Azrack then discussed Toumazatos's right to appeal. She explained that "under limited circumstances, you can appeal your sentence." (*Id*. at 13.) She continued, "I see in your plea agreement in paragraph four, you've agreed not to appeal your sentence if it's 57 months or less." (*Id*. at 14.) She then asked Toumazatos:

> And so you understand that[] the only situation in which you could appeal your sentence would be if Judge Mauskopf sentence[d] you to more tha[n] 57 months
> The Defendant: Yes, your honor.

(*Id*.)

This Court sentenced Toumazatos on July 28, 2010 to a forty-four month term of imprisonment. (Ex. C to Gov't Br. in Opp'n (Doc. No. 4-3) ("Sentencing Tr.").) During that proceeding, this Court advised Toumazatos that, "under certain circumstances, you also have the right to appeal your sentence in this case." (*Id*. at 74.) The Court continued

> [I]n your plea agreement here, your plea agreement waives some or all of your rights to appeal. Your plea agreement indicates that you have, you have waived your right to appeal if I sentence you to, I think it's 51 months or less.

(*Id*. at 74.) The government's attorney corrected that the waiver was for a sentence of fifty-seven months or less, and the Court continued,

> I'm sorry, 57 months or less. So you should discuss your right to appeal with your lawyer, but I just want to caution you that any notice of appeal has to be filed within ten days of the entry of judgment. Do you understand that?

Toumazatos answered, "Yes, your Honor." (*Id*. at 74-75.)

Toumazatos appealed his sentence. Upon a motion from the government, the Court of Appeals for the Second Circuit dismissed his appeal because Toumazatos did not demonstrate "that the waiver of his appellate rights is unenforceable under *United States v. Gomez-Perez*, 215 F.3d 315, 219 (2d Cir. 2000)." (*See* Mandate (Doc. No. 99) in *United States v. Toumazatos*, No. 10-CR-43 (E.D.N.Y.).)

Toumazatos filed the instant motion on May 17, 2012. (Doc. No. 1.) The government filed its opposition to the motion on September 28, 2012 (Doc. No. 3), to which Toumazatos replied on December 20, 2012 (Doc. No. 9).

**DISCUSSION**

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence if, as relevant here, "the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Toumazatos does not ask this Court to vacate his sentence. Rather, he asks the Court to reinstate his right to appeal because his attorney was ineffective when advising him, after the plea agreement was made and after the sentence was imposed, that he could attack the appellate waiver and successfully appeal his sentence. To make out an ineffective-assistance of counsel claim, Toumazatos " 'must demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011) (internal quotation marks and citation omitted).

In his motion, Toumazatos alleges that trial counsel's performance was deficient for incorrectly advising him that he would be afforded the right to appeal any sentence and for advising him that the appellate waiver provision in the plea agreement was a formality. To support these allegations, Toumazatos submitted letters from various family members that were present at Toumazatos's sentencing. In sum, the family members state that, after Toumazatos was sentenced, the family gathered outside the courthouse, where Toumazatos's counsel told them all that, even though the plea agreement contained an appellate waiver, the waiver was standard in plea agreements and could be "fought." (*See* Pet.'s Mot. (Doc. No. 1) at 10-13.) Toumazatos also submitted a letter from his trial counsel, dated November 30, 2010, which states, "I believe I have incorrectly advised you on your rights to appeal. I advised you that you have the right to appeal any sentence given by the Judge. After a thorough review it seems that you don't have the right to appeal your sentence." (*Id*. at 14.)

The government counters that Toumazatos's appellate waiver is enforceable because it was the product of a knowing, voluntary waiver of his right to appeal in certain circumstances. Second, the government contends that Toumazatos cannot retain the benefits of his guilty plea and simultaneously excise the appellate-waiver provision by asserting an ineffective-assistance-of-counsel claim.

Toumazatos's motion is meritless. First, Toumazatos agreed in his plea agreement that he would not "not file an appeal or *otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision*, the conviction or sentence in the event that the Court imposes a term of imprisonment of 57 months or below." (Plea Agr. ¶ 4 (emphasis added).) Because Toumazatos was sentenced to 44 months' imprisonment, below the 57-month threshold in the waiver provision, his ineffective-assistance claim attacking the validity of the waiver – including the

4

waiver of appellate rights and the waiver of rights under § 2255 – is meritless unless he can show that the plea agreement containing the waiver was itself entered into as the result of ineffective assistance of counsel. *See Melicharek v. United States*, No. 09-CV-8542, 2010 WL 1948492, at *2 (S.D.N.Y. May 13, 2010). Toumazatos has failed to make this showing. In fact, he does not allege that his counsel was ineffective when advising him about the terms of the plea agreement. Rather, he alleges that his attorney was ineffective only *after* Toumazatos entered into the plea agreement – indeed, after he was sentenced – when the attorney mistakenly told him and various family members that he had full appellate rights. Such facts do not suffice. *See Jarvis v. United States*, No. 10-CV-5693, 2012 WL 34091, at *3 (E.D.N.Y. Jan. 6, 2012) (denying a § 2255 motion seeking to reinstate the defendant's appellate rights based on ineffective assistance of counsel where the defendant "offer[ed] no evidence to suggest that his representation in entering his plea was tainted by ineffective counsel").

Moreover, even if Toumazatos's allegations could be read to suggest that Toumazatos entered into the plea agreement as the result of ineffective assistance of counsel, the record belies those allegations. During the plea colloquy, Judge Azrack ensured that Tomazatos understood the terms of the agreement and made sure that no one – including his counsel – made him any promises that were not contained in the agreement. (Plea Tr. at 9.) Judge Azrack also advised Toumazatos that he was giving up his right to file an appeal in some circumstances. (*Id*. at 14.) Judge Azrack also asked trial counsel whether he discussed the plea agreement with Toumazatos. Counsel answered yes, and also assured the judge that, in his view, Toumazatos understood the rights he would be waiving by pleading guilty. (*Id*. at 5.) Toumazatos then told Judge Azrack that he had enough time to discuss the case with his attorney, and that he was satisfied with his attorney's representation. (*Id*. at 6.) The record demonstrates that Toumazatos received

5

adequate representation in the course of entering into his plea agreement. *See Jarvis*, 2013 WL 34091, at *3 (denying § 2255 petition raising a similar claim as is raised here where the defendant stated, during the plea colloquy, that he understood the terms of his plea agreement and was satisfied with counsel's representation); *Melicharek*, 2010 WL 1948492, at *3 (denying § 2255 petition seeking to reinstate appellate rights where trial counsel informed the defendant of the consequences of his guilty plea and the court ensured that the defendant understood that he was waiving his right to appeal).

Toumazatos's petition fails for a second reason. "A defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998). Just as the Second Circuit concluded in dismissing his direct appeal, Toumazatos has not shown that his waiver is unenforceable because it was not made knowingly, voluntarily, and competently, that he was sentenced based on constitutionally impermissible factors, such as ethnic, racial or other prohibited bases, or that the government breached the plea agreement. *See Gomez-Perez*, 215 F.3d at 319 (citations omitted). As such, Toumazatos cannot claim ineffective assistance as an "end-run around his plea agreement[]." *United States v. Williams*, 448 Fed. Appx. 156, 157 (2d Cir. 2012) (summary order). As the Second Circuit has instructed, "a defendant may not 'dress up' a challenge to the correctness of his sentence as a Sixth Amendment claim for ineffective assistance of counsel by arguing the deficiency of his counsel's performance 'not at the time of the plea, but at sentencing.'" *Williams*, 448 Fed. Appx. at 157 (quoting *United States v. Djelevic,* 161 F.3d 104, 107 (2d Cir.1998)). Here, Toumazatos's sentence fell below the cap contained in the appellate waiver in the plea agreement. His waiver was thus triggered, and it is enforceable.

Absent a showing of ineffective assistance of counsel in entering into the plea agreement containing the appellate waiver, Toumazatos's ineffectiveness argument here is "nothing more than an attempt to escape an enforceable waiver by collaterally attacking his sentence." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008). Thus, Toumazatos's efforts to get a second bite at the appellate apple fail.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED and DISMISSED with prejudice. The Clerk of the Court is directed to enter judgment accordingly, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
   March 8, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge